[Cite as *State v. Abdullah*, 2015-Ohio-3521.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2015-02-015 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/31/2015 |
| - vs - | | |
| | : | |
| MALIK R. ABDULLAH, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-03-0467

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

John D. Treleven, 810 Sycamore Street, 2nd Floor, Cincinnati, Ohio 45202, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Malik R. Abdullah, appeals from the decision of the Butler County Court of Common Pleas sentencing him to the maximum term of three years in prison after he entered a guilty plea to complicity to robbery.  For the reasons outlined below, we affirm.

{¶ 2}   On September 17, 2014, the Butler County Grand Jury returned an indictment

charging Abdullah with aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. The charge also included a three-year firearm specification. According to the bill of particulars, the charges stemmed from Abdullah's involvement as the getaway driver in an armed robbery of a Butler County hotel. If convicted, Abdullah faced a maximum term of 14 years in prison.

{¶ 3} On December 12, 2014, after entering into a plea agreement, Abdullah entered an Alford plea of guilty to a reduced charge of complicity to robbery in violation of R.C. 2923.03(A)(2) and R.C. 2911.02(A)(3), a third-degree felony.[1] After accepting Abdullah's plea, the trial court conducted a sentencing hearing on January 28, 2015 and sentenced Abdullah to the maximum term of three years in prison.[2] Abdullah now appeals from the trial court's sentencing decision, raising one assignment of error for review.

{¶ 4} THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE CONTRARY TO THE PRINCIPLES AND PURPOSES ENUMERATED IN R.C. 2929.11 AND R.C. 2929.12.

{¶ 5} In his single assignment of error, Abdullah argues the trial court erred by sentencing him to the maximum term of three years in prison. We disagree.

{¶ 6} As this court has stated previously, the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when considering an appeal of a trial court's felony sentencing decision, such as the case here, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this

---

1. An Alford plea of guilty is a qualified guilty plea in which a defendant voluntarily, knowingly, and understandingly pleads guilty to a charge while maintaining his or her innocence in accordance with the United State Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160 (1970).

2. It should be noted, after entering his guilty plea, Abdullah filed a pre-sentence motion to withdraw his guilty plea. The trial court subsequently denied Abdullah's motion. Abdullah did not appeal from that decision.

section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 7} Rather, the appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, if applicable; or (2) the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors in R.C. 2929.12, properly applied postrelease control, and sentenced appellant within the permissible statutory range. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 42.

{¶ 8} In this case, although conceding the trial court properly applied postrelease control and imposed a sentence within the permissible statutory range, Abdullah argues the trial court erred by sentencing him to the maximum term of three years in prison because it only made "generic statements without referencing any specific subsection from either R.C. 2929.11 or R.C. 2929.12." Abdullah also argues the trial court erred by not "delv[ing] into a more specific inquiry or provid[ing] any other rationale or factual basis for its finding."

{¶ 9} However, when sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather, is merely required to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Todd*, 12th Dist. Clermont No. CA2014-05-035, 2015-Ohio-649, ¶ 10. In other words, contrary to Abdullah's claim otherwise, "[t]he court was not required to make findings or to give reasons for imposing the maximum term of confinement." *State v. McAfee*, 1st Dist. Hamilton No. C-130567, 2014-Ohio-1639, ¶ 18; *see also State v. Coots*, 2d Dist. Miami No. 2014CA1, 2015-Ohio-126, ¶ 81 (stating "[t]he trial court has full discretion to impose any

- 3 -

sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences").

{¶ 10} Moreover, although the trial court did not specifically reference either R.C. 2929.11 or R.C. 2929.12 at Abdullah's sentencing hearing, the trial court did expressly state that it had "considered all of the requirements under the Ohio Revised Code, including the purposes and principles of the sentencing laws." The trial court also noted that it had "considered the seriousness factors and the recidivism factor." In addition, as part of its judgment of conviction entry, the trial court stated, in pertinent part, the following:

> The Court has considered the record, the charges, the defendant's Guilty Plea, and findings set forth in the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 292912 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amendable to an available community control sanction.

{¶ 11} Based on the record before this court, it is clear the trial court gave the proper consideration to the purposes and principles of sentencing under R.C. 2929.11, as well as balanced the seriousness and recidivism factors in R.C. 2929.12 before issuing its sentencing decision. *See, e.g., State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084 (affirming a sentence where the trial court failed to cite R.C. 2929.11 or 2929.12 during the sentencing hearing but stated in its judgment entry of conviction that it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and balanced the seriousness and recidivism factors pursuant to R.C. 2929.12). In so holding, we reiterate that pursuant to R.C. 2953.08(G)(2) this court's standard for review is not whether the trial court abused its discretion. Therefore, having found no error in the trial court's decision sentencing Abdullah to the maximum term of three years in prison,

Abdullah's single assignment of error is without merit and overruled.

{¶ 12} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.