[Cite as *State v. Kidwell-Tilton*, 2017-Ohio-9094.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2017-05-069

: O P I N I O N
- vs - 12/18/2017

:

KAITLYN ALEXANDRIA KIDWELL-TILTON, :

    Defendant-Appellant. :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-04-0516

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Kaitlyn Alexandria Kidwell-Tilton, appeals the decision of the Butler County Court of Common Pleas sentencing her to consecutive prison terms. For the reasons detailed below, we affirm.

{¶ 2} In June 2015, a Butler County grand jury indicted appellant on one count of aggravated possession of drugs, a violation of R.C. 2925.11, and two counts of permitting

drug abuse, violations of R.C. 2925.13. All three counts were fifth-degree felonies.

{¶ 3} The charges stemmed from allegations that appellant allowed Daniel Lewis to use her residence for trafficking illegal narcotics. The same indictment charged Lewis with multiple counts of trafficking in and possession of narcotics. Police also alleged that they located a large quantity of MDMA on appellant during a traffic stop.

{¶ 4} Appellant later requested that the court grant intervention in lieu of conviction ("ILC"), and the court granted ILC in October 2015. Appellant's ILC conditions included community control supervision, no drugs or alcohol, regular and random drug tests, and no contact with Lewis.

{¶ 5} Approximately one month later, appellant violated her ILC conditions when she was charged with assault, disorderly conduct, and theft. In January 2016, the court revoked ILC and accepted appellant's previously entered pleas of guilty to the three counts in the indictment.

{¶ 6} At the sentencing hearing, the court imposed a five-year community control sanction and as requested by appellant, transferred her to the Substance Abuse Mentally Ill ("SAMI") court. The conditions of appellant's community control sanction included supervision, classes and assessments, no drugs or alcohol, and no contact with Lewis. The court warned appellant that if she violated community control the court would sentence her to 12 months on each count of the indictment, and would order those counts served consecutively.

{¶ 7} In April 2016, appellant appeared before the court after the probation department alleged that appellant changed residences without informing the department, failed to maintain contact with the department, was using drugs, failed to complete a SAMI jail sanction as ordered, and was again having contact with Lewis. The court found that appellant violated community control. Nonetheless, the court gave appellant yet another

chance at redemption and ordered her to continue with the SAMI court programs.

{¶ 8}  In April 2017, the probation department notified the court that appellant tested positive for cocaine.  As a result, in a May 2017 hearing, the court revoked appellant's community control sanction and imposed prison terms of 12 months on each of the three counts, with 260 days of credit.  The court ordered each term to be served consecutively. Appellant appeals the trial court's sentencing decision, raising a single assignment of error for our review:

{¶ 9}  THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES.

{¶ 10}  Appellant argues the trial court erred by sentencing her to consecutive prison terms, alleging that the court did not consider the proper statutory factors before imposing a prison sentence and that the record does not support the imposition of consecutive sentences.  This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law.  *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8.  Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law."  *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.  A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range.  *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 11}  Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step

analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 12} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.*

The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 13}  Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered appellant's sentences be served consecutively.  Specifically, the trial court stated:

> All right.  Well you may forget some of these things Ms. Kidwell-Tilton so I just want to remind you that when you initially got your case you applied for intervention in lieu of conviction and you violated that and we continued you on, or we put you on community control at that time and put you in the SAMI program.  On March the 29th, of 2016 you had your first probation violation where you had Rule 257 and two Rule 15 violations at which time the Court sent you to the MonDay Program, stepped you down through Sojouner Recovery Services Residential Treatment, and ordered you to reenter and successfully complete the SAMI Program.
>
> During the time you were in the SAMI program the Court had numerous conversations with you about how important it was for you to conform your conduct to the requirements of the SAMI Core Program and to the requirements of community control.  Nevertheless you went on about your business living your life as you chose to live.  And that's okay.  It's just that when you dance like that sometimes you've got to pay the fiddler.  And today, you've got to pay the fiddler.
>
> As this point the Court, somewhat reluctantly finds that you're no longer amenable to available community control sanctions, but finds that nonetheless the Court also finds that given the fact that I've already taken you through the MonDay program, stepped you down through Sojourner Recovery Services, and gave you numerous chances that – that there just isn't a more restrictive treatment or programming setting in which I can sentence you to – to keep you on community control.  You're just not amenable any longer.
>
> Accordingly, I'm going to order that your community control in this case be revoked.  I'm going to re-impose the original sentences that I imposed upon you of 12 months in the Ohio Department of Rehabilitation and Corrections with each of Counts I, II and III, and I'm going to order those sentences to run consecutive to each other.
>
> The Court making the following findings: the consecutive sentences that are necessary to protect the public from future crime, they're not disproportionate to the seriousness of the conduct you pose to the – of your conduct and to the danger you pose to the public, and

> that your history of criminal conduct demonstrates that consecutive
> sentences are necessary.

The trial court later memorialized its factual findings in the sentencing entry. From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, the trial court complied with the requirements of R.C. 2929.11, 2929.12, and 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-317, ¶ 37; *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38.

{¶ 14} The sentencing entry explicitly reflects that the court considered the purposes and principles of sentencing as set forth in R.C. 2929.11 and the seriousness and recidivisms factors as set forth in R.C. 2929.12. Appellant, however, claims that the court ignored facts in the record suggesting that she was remorseful, that she had made some progress in her court-ordered programs, and that she did not pose a risk to the public.[1] There is no clear and convincing evidence in the record to support the assertion that the court ignored any remorse expressed by appellant or her progress in any programs. Regardless, the court was only required to *consider* the principles and purposes of felony sentencing and the recidivism and seriousness factors before imposing sentence. Nothing in this record suggests the court did otherwise. The record does not, however, support appellant's contention that she did not pose a risk to the public.

{¶ 15} In this regard, the trial court found that consecutive sentences were necessary to protect the public from future crime by appellant and the record contains evidence to support this finding. However, appellant claims that she only was a risk to herself.

{¶ 16} Appellant pled guilty to felony permitting drug abuse because she allowed her residence to be used for trafficking in drugs by Lewis. Illegal narcotics are a cancer in our

---

1. Appellant expressed remorse and spoke of her progress at the January ILC revocation hearing that resulted in community control sanctions. Appellant did not express remorse at the May 2017 hearing; instead she implied that it would be "unfair" to impose a prison sentence "after all this time of doing all the things that you guys have asked me to do."

community and we have also observed that drug dealing is also inherently dangerous, with violence as a common side effect. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-10-065, CA2016-10-066, 2017-Ohio-2802, ¶ 24. Moreover, appellant repeatedly demonstrated to the court through multiple probation violations, including violent crimes, drug use, and continued association with Lewis, that she was not amenable to community control sanctions in lieu of imprisonment. Accordingly, this court overrules appellant's sole assignment of error.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.