[Cite as *State v. Gilmore*, 2019-Ohio-1046.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-118 |
| | : | O P I N I O N |
| - vs - | | 3/25/2019 |
| | : | |
| MICHAEL GILMORE II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-06-0901

Michael T. Gmoser, Butler County Prosecuting Attorney, John Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for appellant

**RINGLAND, P.J.**

{¶ 1}   Appellant, Michael Gilmore II, appeals the sentence imposed by the Butler County Court of Common Pleas for two counts of aggravated trafficking in drugs, raising one assignment of error.   For the reasons detailed below, we affirm the sentence.

{¶ 2}   On July 6, 2016, appellant was indicted on two counts of aggravated trafficking in drugs, four counts of trafficking in heroin, and one count of trafficking in counterfeit controlled substances.   These charges arose from several heroin and fentanyl sales

appellant made to a confidential informant in April, May, and June 2016. After the indictment was issued, however, appellant was able to evade arrest until February 2018.

{¶ 3} On May 10, 2018, appellant pled guilty to two of the seven offenses: aggravated trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1), and aggravated trafficking in drugs, a second-degree felony in violation of R.C. 2925.03(A)(1). The State dismissed the remaining five charges. At the hearing, appellant waived a presentence-investigative report. The trial court then proceeded to sentence appellant. The trial court imposed an eight-year mandatory prison term for the second-degree felony and a twelve-month prison term for the fourth-degree felony and ordered the sentences to run consecutively to one another. Appellant now appeals his sentence raising one assignment of error for our review:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED A MAXIMUM CONSECUTIVE SENTENCE.

{¶ 5} Appellant contests both the imposition of the maximum prison term for the second-degree felony conviction and the decision to run the sentences consecutively. In support, appellant argues the trial court "defied" the purposes and principles of sentencing and could not have properly considered the R.C. 2929.12 factors because there was nothing in the record to explain the decision. Also, appellant argues the trial court failed to find the R.C. 2929.14(C)(4) factors necessary to run the sentences consecutively.

{¶ 6} We review a felony sentence under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence only if there is clear and convincing evidence that the record does not support a trial court's findings or the sentence is otherwise contrary to law. *Id.*; *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 9. A sentence is not clearly and convincingly contrary to law where a

trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 7} After our review of the record, we find that the trial court did not err in sentencing appellant to eight years in prison for the second-degree felony. Under R.C. 2929.14(A)(2), the eight-year prison term was within the permissible range for a second-degree felony. Furthermore, R.C. 2929.13(F)(5) compels a court to impose a mandatory prison sentence for specific second-degree felony drug offenses, including violations of R.C. 2925.03. The sentence, therefore, was not contrary to law.

{¶ 8} Appellant further contends that the record does not support his sentence and therefore the trial court only disingenuously considered R.C. 2929.11 and 2929.12.

{¶ 9} Pursuant to R.C. 2929.11, protecting the public and punishing the offender are the overriding purposes of Ohio felony sentencing. To accomplish this, R.C. 2929.12 provides a list of factors for a trial court to consider as a guideline when determining a sentence. The specific factors provided in R.C. 2929.12 are not exclusive, however. In fact, a trial court is explicitly permitted to consider any other relevant information as a potential sentencing factor. *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 14. Furthermore, a trial court is not required to consider every factor. *Id.* A trial court "determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances" when imposing a sentence. *Steger* at ¶ 18. Ultimately, a trial court has discretion to formulate a sentence as long as it satisfies the purposes of Ohio's sentencing structure. *Abrams* at ¶ 14.

{¶ 10} Moreover, a trial court is not required to provide a rationale for its sentencing decision. *State v. Abdullah*, 12th Dist. Butler No. CA2015-02-015, 2015-Ohio-3521, ¶ 9. It is

indicative of consideration, when a trial court states at the sentencing hearing that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9. Additionally, a trial court does not need to explicitly cite the statutory provisions at the sentencing hearing. *Id.*; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 11.

{¶ 11} Here, the trial court stated at the sentencing hearing that it considered the principles and purposes of sentencing and evaluated the seriousness and recidivism factors. These statements were later memorialized in the sentencing entry. The sentencing entry specifically cited R.C. 2929.11 and 2929.12. Additionally, in the sentencing entry, the court stated that it had reviewed the record, appellant's guilty plea, oral statements, and the charges before pronouncing the sentence. As we have previously held, including such language in the sentencing entry "defeats a claim that the trial court failed to consider statutory sentencing guidelines." *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9. Therefore, the trial court made the proper analysis and did not err in sentencing appellant.

{¶ 12} Contrary to appellant's assertions, the record supports a maximum sentence for the second-degree felony conviction. Foremost, appellant absconded from a community control sanction for a previous conviction and evaded arrest for nearly two years after the indictment was issued in the instant case. Appellant's recidivism is apparent given his multiple prior convictions, including prior drug offenses, and the fact that appellant was charged with five other drug trafficking offenses for his continual efforts to sell narcotics during 2016. Additionally, the trial court heard statements from the prosecutor that the Butler County Sheriff's Office considered appellant a "major dealer" and had worked for years to stop his criminal activity. Consequently, the record supports the sentence.

{¶ 13} Lastly, we find that the trial court did not err when it imposed consecutive sentences.

{¶ 14} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and state its findings before imposing consecutive sentences. *State v. Kidwell-Tilton*, 12th Dist. Butler No. CA2017-05-069, 2017-Ohio-9094, ¶ 11. First, a trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender. *Id.* Second, a trial court must find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, a trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c); *Kidwell-Tilton* at ¶ 11.

{¶ 15} A trial court must make these findings at the sentencing hearing and then incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. Nevertheless, a trial court is not required to give reasons explaining its findings, nor is a "talismanic incantation" of the statute required for the sentence to be valid. *Id.* A consecutive sentence is not contrary to law if the record is clear that the court engaged

in the sentencing analysis and made the required findings. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 16.

{¶ 16} The record shows the trial court made the requisite findings at the sentencing hearing and memorialized the findings in the sentencing entry. Specifically, at the sentencing hearing the court stated:

> The Court will find that the presumption as to concurrent sentences has been rebutted in this case. The Court will find that consecutive sentences are necessary to adequately protect the public and to punish the Defendant and are not disproportionate. The Court will find that the Defendant's criminal history shows that consecutive terms are needed to protect the public.

{¶ 17} The fact that the trial court used the shorthand phrase "not disproportionate" is immaterial, because the trial court has no obligation to recite verbatim the statutory language. *Bonnell* at ¶ 37. Moreover, any confusion as to what the court meant at the hearing is clarified by the sentencing entry wherein the trial court wrote, "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Therefore, the trial court's decision to impose consecutive sentences is not contrary to law, because the trial court met the R.C. 2929.14(C)(4) requirements.

{¶ 18} Furthermore, the record supports each of the trial court's findings. The record shows appellant has a history of criminal conduct—appellant has multiple prior felony convictions and admitted to absconding from a community control sanction for a previous conviction. As noted above, the trial court heard from the prosecutor that appellant had been a target of the Butler County Sheriff's Office for years because of his illegal drug activity. Finally, appellant pled guilty to trafficking in the potent and dangerous narcotic fentanyl. Therefore, the trial court did not err when it imposed consecutive sentences.

{¶ 19} Accordingly, appellant's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.