[Cite as *State v. Murrill*, 2019-Ohio-3318.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-215 |
| - vs - | : | O P I N I O N<br>8/19/2019 |
| | : | |
| MICKEY MURRILL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR-2018-02-0219


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, #305, Hamilton, Ohio 45011, for appellant


**RINGLAND, J.**

{¶ 1} Appellant, Mickey Murrill, appeals the sentence he received in the Butler County Court of Common Pleas after he pled guilty to ten sexual offenses. For the reasons stated below, we affirm his sentence.

{¶ 2} In February 2018, a Butler County Grand Jury indicted appellant on 25 sexual offenses that included rape, kidnapping with a sexual motivation specification, illegal use of a minor in a nudity-oriented material or performance, gross sexual imposition, pandering sexually oriented matter involving a minor, and voyeurism. These charges stemmed from

appellant's actions with several children he knew through friends and family.

{¶ 3} In September 2018, appellant pled guilty to ten of the offenses: one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b); one count of kidnapping with a sexual motivation specification, a first-degree felony in violation of R.C. 2905.01(A)(2); one count of gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4); two counts of illegal use of a minor in a nudity-oriented material or performance, one a second-degree felony in violation of R.C. 2907.323(A)(1), the other a fifth-degree felony in violation of R.C. 2907.323(A)(3); two counts of pandering sexually oriented matter involving a minor, both fourth-degree felonies in violation of R.C. 2907.322(A)(5); and three counts of voyeurism, two fifth-degree felonies in violation of R.C. 2907.08(C), the other a first-degree misdemeanor in violation of R.C. 2907.08(D).

{¶ 4} At the sentencing hearing in October 2018, the court imposed an indefinite prison term of 10 years to life for the kidnapping offense and an indefinite prison term of 15 years to life for the rape offense. The court ordered these two sentences to run consecutively to each other. Based on a stipulation between the state and appellant, the court imposed the sentences with the possibility of parole after serving the aggregate minimum sentence. For the remaining eight offenses, one offense merged with the kidnapping offense, and for the others, the court sentenced appellant to definite prison terms with these sentences to run concurrently to the indefinite sentences. Therefore, appellant's aggregate prison sentence is 25 years to life. The trial court designated appellant a Tier III sexual offender and notified appellant about the conditions of parole and mandatory five-year postrelease control should he be released from prison.

{¶ 5} Appellant now appeals, raising one assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. MURRILL WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES IN THE OHIO DEPARTMENT OF

REHABILITATION AND CORRECTIONS.

{¶ 7} In his sole assignment of error, appellant argues that the consecutive sentences are contrary to law because the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4). Specifically, appellant contends that the trial court merely "acquiesced" by incorporating statements from the prosecutor at the sentencing hearing as part of its required findings. We find appellant's argument lacks merit.

{¶ 8} This court reviews felony sentences according to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 9} R.C. 2929.14(C)(4) sets forth the requirements for imposing consecutive prison sentences. Pursuant to this statute, a trial court must engage in a three-part analysis and make three findings to properly impose consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender" and second, "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4); *See also State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 252. Third, the trial court must find that one of the following provisions applies:

> (a) [t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} The trial court must state these findings at the sentencing hearing and include the findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. The imposition of consecutive sentences is contrary to law where the trial court fails to make consecutive sentence findings as required by R.C. 2929.14(C)(4). *State v. Burns*, 12th Dist. Clermont No. CA2018-03-015, 2018-Ohio-4657, ¶ 14. Nevertheless, a trial court is not required to provide a "word-for-word recitation of the language of the statute" or otherwise make a "talismanic incantation" when it declares its findings. *Bonnell* at ¶ 29, ¶ 37. As the *Bonnell* court held, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} Here, the record demonstrates that the trial court made the proper findings according to R.C. 2929.14(C)(4) at the sentencing hearing and included these findings in the sentencing entry. Specifically, at the sentencing hearing, the trial court stated:

> [The Court]: I find that the consecutive sentences that I've imposed for Counts I [kidnapping] and Counts VIII [rape] are necessary to protect the public from future crime or to punish the offender. And I find that's true for both of those. That's necessary [sic] to do both of those things. And I find that those consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. And I make also the following finding, that the harm in this case, and we've talked about six victims, I believe, correct, [prosecutor]?
>
> [Prosecutor]: Yes

> [the Court]: That the harm in this case with these six victims involved here was so great or unusual, that a single term does not adequately reflect its seriousness or the defendant's conduct.

After making these findings, the court then addressed the parties and asked if there was anything else that the court needed to address. The prosecutor mentioned that the court omitted the "one or more courses of conduct" portion from R.C. 2929.14(C)(4)(b). After this exchange, the trial court stated, "I make that finding as well."

{¶ 12} Based on the foregoing, the record demonstrates that the trial court engaged in the correct analysis. The trial court did not need to provide a word-for-word recitation of the statute to be a valid finding. *Bonnell* at ¶ 29; *accord State v. Gilmore*, 12th Dist. Butler No. CA2018-06-118, 2019-Ohio-1046, ¶ 17 (the trial court has no obligation to recite verbatim the statutory language). Moreover, the trial court clearly showed that it considered the facts and circumstances of the offenses by identifying the number of victims affected by appellant. The fact that the trial court incorporated the "courses of conduct" phrase into the consecutive sentence findings only after the prosecutor addressed the omission is insignificant in this instance. Therefore, because the trial court made the requisite findings, the sentences are not contrary to law.

{¶ 13} Furthermore, appellant has not shown by clear and convincing evidence that the record does not support the trial court's findings. Consequently, the trial court did not err sentencing appellant to serve his sentences consecutively because the sentences are supported by the record and not otherwise contrary to law. Accordingly, appellant's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.