[Cite as *State v. Glenn*, 2019-Ohio-3949.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-02-041 |
| - vs - | : | O P I N I O N<br>9/30/2019 |
| | : | |
| JASON E. GLENN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-09-1708

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1} Appellant, Jason Glenn, appeals the consecutive nature of his sentence in the Butler County Court of Common Pleas after pleading guilty to two counts of violating a protection order.

{¶ 2} Glenn was indicted on two counts of violating a protection order, which were fifth-degree felonies because he had previously been convicted of violating a protection

order. Glenn pled guilty to both charges. The trial court warned Glenn at the plea hearing that because the instances charged occurred at separate times, the sentences could be ordered consecutive to each other. The trial court set sentencing for a future date and released Glenn on a recognizance bond.

{¶ 3} Before sentencing occurred, Glenn violated the terms of his bond by once again violating the terms of the protection order. Glenn admitted the violation, and the trial court revoked Glenn's bond. The trial court sentenced Glenn to nine months in prison for each of the two counts, and ran the sentences consecutive to each other for an aggregate 18-month prison term. Glenn now appeals the trial court's sentence, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. GLENN WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 5} Glenn argues in his assignment of error that the trial court erred in ordering his sentences to be served consecutively.

{¶ 6} We review a felony sentence under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence only if there is clear and convincing evidence that the record does not support a trial court's findings, or the sentence is otherwise contrary to law. *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 9. A sentence is not clearly and convincingly contrary to law where a trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶ 7}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and state its findings before imposing consecutive sentences. *State v. Kidwell-Tilton*, 12th Dist. Butler No. CA2017-05-069, 2017-Ohio-9094, ¶ 11. First, a trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender. *Id.* Second, a trial court must find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, a trial court must find that one of the following applies:

> The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

**{¶ 8}** A trial court must make these findings at the sentencing hearing and then incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. Nevertheless, a trial court is not required to give reasons explaining its findings, nor is a "talismanic incantation" of the statute required for the sentence to be valid. *Id.* A consecutive sentence is not contrary to law if the record is clear that the court engaged in the sentencing analysis and made the required findings. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 16.

{¶ 9} After reviewing the record, we find the trial court's sentence was not contrary to law. Glenn was convicted of two fifth-degree felonies, for which a possible sentencing range of six to 12 months existed. R.C. 2929.14(A)(5). Thus, the trial court's nine-month sentence for each conviction was within the relevant statutory range. The trial court also advised Glenn of postrelease control and noted its consideration of the requisite statutory factors contained in R.C. 2929.11 and 2929.12. The trial court's consideration of the relevant statutory factors was also reflected in its sentencing entry.

{¶ 10} Regarding the consecutive sentence requirements, the trial court made the necessary findings. During the sentencing hearing, the trial court stated,

> The Court will find that consecutive terms are appropriate in this case, that the presumption as to concurrent terms has been rebutted by the defendant's continued disregard for the law, the Court's orders; taking into consideration as well that the defendant did not stay away from the victim, even during the time he was out on bond. The Court had to revoke the bond. I'll find that consecutive sentences are necessary to adequately protect the public and punish the defendant and are not disproportionate. I'll find that the offender's criminal history, the defendant's criminal history shows that consecutive terms are needed to protect the public.

{¶ 11} Additionally, the trial court found that Glenn's violations occurred while he was subject to sanctions from the Hamilton Municipal Court, also related to violating a protection order. Again, the trial court included its findings regarding the consecutive sentence statutory factors within its sentencing entry. Thus, the trial court abided by the statutory requirements regarding consideration of factors and findings specific to consecutive sentences and its sentence was not contrary to law.

{¶ 12} We also find that the trial court's sentence is supported by the record. Glenn's criminal history included multiple instances of violating a protection order, and he violated the terms of the protection order while on bond for the current two charges and while he was under sanction from another court for violating the terms of a protection order. Glenn had a

notable history of domestic violence, drug-related charges, and other misdemeanor convictions.

{¶ 13} Glenn's criminal history, and specifically his inability to stay away from those protected by valid court orders, demonstrates the need to protect the public from Glenn's future criminal activity. Moreover, Glenn's commission of multiple violations even though he was sanctioned by another court for similar activity also demonstrates the fact that Glenn refused to curtail his criminal activity, thus necessitating the trial court to protect the public from Glenn's future crimes.

{¶ 14} After reviewing the record, we find that the trial court's sentence was not contrary to law and is otherwise supported by the record. As such, Glenn's assignment of error is overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.