[Cite as *State v. Watts*, 2020-Ohio-728.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-065 |
| | : | O P I N I O N |
| - vs - | | 3/2/2020 |
| | : | |
| JUSTIN M. WATTS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019CR0157


D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**S. POWELL, J.**

{¶ 1}   Justin Michael Watts appeals the sentence he received in the Clermont County Court of Common Pleas following his guilty plea to one count of aggravated vehicular homicide.  For the reasons outlined below, this court affirms Watts' sentence.

{¶ 2}   At the plea hearing, the state read into the record that on January 28, 2019, on State Route 125 in Clermont County, Ohio, Watts was operating a GMC Envoy motor

vehicle. Watts' vehicle crossed the center turn lane into oncoming traffic and struck another car head-on. The driver of the other car was police officer Jerrid Lee, who was pronounced dead on the scene.

{¶ 3} Emergency medical personnel described Watts as "on the nod" and observed indicia of impairment. Police asked Watts to perform standard field sobriety tests, which he performed poorly. Police determined Watts to be appreciably impaired.

{¶ 4} Police asked Watts to submit to blood and urine tests. He refused. Police obtained a search warrant and transported Watts to a hospital where medical workers forcibly obtained his blood and urine samples. Watts' blood and urine tested positive for fentanyl and norfentanyl.

{¶ 5} At the time of the accident, Watts had a suspended driver's license. He was also on postrelease control resulting from a conviction for felonious assault. That conviction arose from an altercation between Watts and another inmate while Watts was serving 30 months in prison for trafficking in cocaine. Watts was also on community control at the time of the accident, resulting from a conviction for aggravated possession of drugs.

{¶ 6} A Clermont County grand jury indicted Watts, among other counts, with aggravated vehicular homicide with a peace officer specification. Watts and the state subsequently agreed to a plea deal by which Watts would plead guilty to aggravated vehicular homicide and the state would dismiss the specification and the remaining counts.

{¶ 7} After Watts entered his plea, the trial court held a sentencing hearing and sentenced Watts to an aggregate 13-year prison term; 11 years for aggravated vehicular homicide, one year for violating his community control, and one year for violating postrelease control. In reaching this decision, the trial court referred to the "seriousness of the offense," noting that the legislature had classified the offense as "one of the most serious offenses under the law." The court additionally observed that "what has happened

here certainly is deserving of being recognized as one of the worst offenses under the law." The court imposed the maximum sentence of 11 years for the aggravated vehicular homicide conviction after finding that it was "the only sentence that can be imposed in this case that will not be demeaning to the seriousness of the conduct and its impact upon the victim." The trial court further stated in its sentencing entry that it had considered "the defendant's conduct" when issuing its sentencing decision.

{¶ 8} In imposing consecutive sentences, the court noted that a consecutive sentence for the postrelease control violation was mandatory. The court also found that consecutive sentences were necessary to protect the public from future crime and to punish Watts, that consecutive sentences were not disproportionate to the seriousness of Watts' conduct and to the danger Watts' conduct posed to the public, and that Watts' history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. Watts appeals his sentence, raising two assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT'S ELEVEN YEAR PRISON SENTENCE IS NOT COMMENSURATE WITH THE SERIOUSNESS OF APPELLANT'S CONDUCT.

{¶ 11} In his first assignment of error, Watts argues the trial court erred by sentencing him to the maximum sentence available for his aggravated vehicular homicide conviction. This court reviews the trial court's sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Grimm*, 12th Dist. Clermont No. CA2018-10-071, 2019-Ohio-2961, ¶ 43, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. A sentence is

not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 12} The sentence imposed by the trial court for a felony conviction shall be reasonably calculated to (1) achieve the three overriding purposes of felony sentencing by protecting the public from future crime by the offender and others, punishing the offender, and promoting the effective rehabilitation of the offender, (2) commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and (3) consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(A) and (B). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). In exercising that discretion, the trial court shall consider the relevant factors set forth in divisions R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct. The trial court shall also consider the relevant factors provided in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. The trial court is further "permitted to consider any other relevant information as a potential sentencing factor." *State v. Gilmore*, 12th Dist. Butler No. CA2018-06-118, 2019-Ohio-1046, ¶ 9.

{¶ 13} Watts initially argues the trial court's decision sentencing him to the maximum prison term must be reversed because the court misapplied the requirements set forth in R.C. 2929.11 and 2929.12 when it considered the seriousness of the offense of aggravated

vehicular homicide rather than Watts' underlying conduct giving rise the offense. Watts focuses his argument on the court's initial remarks concerning the seriousness of the offense and argues the court conflated the seriousness of the offense, generically, with the seriousness of his conduct.

{¶ 14} Upon review, the trial court did not conflate the seriousness of the offense with the seriousness of Watts' conduct. While the court initially remarked on the seriousness of the offense, it then began to discuss Watts' specific conduct, stating that "what has happened here" was "deserving of being recognized as one of the worst offenses under the law." The trial court thereafter stated that the sentence to be imposed must be "commensurate with, and not demeaning to the seriousness of the offender's conduct and its impact upon the victim * * *." Continuing, the trial court stated:

> Mr. Lee, obviously, did not deserve [to have his life taken]. I think you understand that, but it doesn't take away the fact that you have caused his death. And I am going to impose the maximum sentence. And the reason I'm going to do that is I think that's the only sentence that can be imposed in this case that will not be demeaning to the seriousness of the conduct and its impact upon the victim.

{¶ 15} The trial court further stated in its sentencing entry that it had considered "the defendant's conduct" when issuing its sentencing decision. Accordingly, Watts' sentence is not clearly and convincingly contrary to law based on the argument that the court considered the seriousness of the offense rather than the seriousness of Watts' conduct.

{¶ 16} Watts also argues that the trial court's decision sentencing him to the maximum mandatory 11-year prison term must be reversed because that sentence was not commensurate with the seriousness of his conduct. However, as noted above, the trial court specifically stated that "what happened here" was "deserving of being recognized as one of the worst offenses under the law." This court agrees. Watts' decision to operate a motor vehicle with a suspended license while under the influence of narcotics showed an

utter lack of respect for the law or concern for others. He exposed innocent lives to lethal danger and his decision led to Officer Lee's tragic death. Due to Watts' lengthy criminal history, which included two prior driving under suspension convictions and one OVI conviction, Watts was aware that he should not be operating any vehicle let alone operating a vehicle while under the influence.[1] The seriousness of Watts' conduct is further compounded by the fact that Watts was on both postrelease control and community control at the time of the accident. Therefore, the trial court's decision to sentence Watts to the maximum prison sentence was commensurate with the seriousness of Watts' conduct and was not clearly and convincingly contrary to law. Consequently, this court overrules Watts' first assignment of error.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.

{¶ 19} In his second assignment of error, Watts argues that the trial court erred by ordering the one-year prison sentences for violating postrelease control and community control to be served consecutively to the 11-year prison sentence. Regarding a violation of postrelease control, the court was required to run the sentence consecutively. R.C. 2929.141(A)(4). With respect to the remaining sentences, Watts does not dispute that the trial court made the necessary findings prior to imposing consecutive sentences as required by R.C. 2929.14(C)(4). Watts instead argues the trial court's consecutive sentence findings were not supported by the record.

{¶ 20} The record contains ample evidence to support the trial court's finding that

---

1. Watts had numerous other convictions that included convictions for underage consumption, trafficking in marijuana, assault, obstructing official business, resisting arrest, criminal trespass, disorderly conduct, trafficking in cocaine, possession of drug abuse instruments, unauthorized use of property, theft, and aggravated possession of drugs.

consecutive prison terms were necessary to protect the public and to punish Watts based on the seriousness of Watts' conduct and Watts' criminal history, which was extensive. Watts' criminal record demonstrated a high likelihood of recidivism upon release. He began committing offenses as a juvenile and his criminal behavior continued as an adult. His record included multiple drug and alcohol offenses. Though he was repeatedly penalized for his past criminal behavior, Watts demonstrated an inability to modify his behavior and learn from past mistakes. That he had an earlier OVI conviction, was on postrelease control, and was on community control did not dissuade Watts from operating a motor vehicle while suspended and under the influence of fentanyl and norfetanyl. His choice caused the death of an innocent person, who left behind a wife and two young children.

{¶ 21} Watts also argues the trial court's decision to impose consecutive sentences was "disproportionate and excessive" when examined in conjunction with his underlying conduct. However, we find no error in the trial court's decision for the reasons stated previously. Under the standard of review set forth by R.C. 2953.08(G)(2), the trial court's decision was neither contrary to law nor unsupported by the record. Therefore, finding no error in the trial court's decision, this court overrules Watts' second assignment of error.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.