[Cite as *State v. Dillon*, 2013-Ohio-335.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

STATE OF OHIO, : 

    Plaintiff-Appellee, :       CASE NO. CA2012-06-012

         :       O P I N I O N
    - vs -                 2/4/2013

         : 

HAROLD F. DILLON, JR., : 

    Defendant-Appellant. : 

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20110193

Stephen J. Pronai, Madison County Prosecuting Attorney, Eamon P. Costello, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

W. Joseph Edwards, 341 South Third Street, Suite 200, Columbus, Ohio 43215, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Harold F. Dillon, Jr., appeals his sentence from the Madison County Court of Common Pleas.

{¶ 2} Dillon was indicted on December 14, 2011 on seven counts of trafficking in drugs, a felony of the fifth degree in violation of R.C. 2925.03(A)(1). On March 30, 2012, Dillon pled guilty to Counts I through IV, with the state dismissing Counts V, VI and VII.

{¶ 3} Thereafter, on May 25, 2012, a sentencing hearing was held. The court sentenced Dillon to a one-year sentence on Count I, consecutive to a six-month sentence on Count II; a one-year sentence on Count III, concurrent to Counts I and II; and a one-year sentence on Count IV, consecutive to each of the other counts. Dillon was further sentenced to a five-year license suspension and three years of optional postrelease control.

{¶ 4} Dillon now appeals the sentence imposed by the trial court, raising two assignments of error for our review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED WHEN IT MADE THE FINDINGS REQUIRED BY R.C. §2929.14(C) FOR IMPOSING CONSECUTIVE SENTENCES WITHOUT SUPPORT FROM THE RECORD.

{¶ 7} Dillon argues that the trial court's finding that consecutive sentences were necessary was not supported by the record because he had only one felony conviction in the past 30 years and had no previous convictions for crimes of violence.

{¶ 8} H.B. 86 has added an additional requirement that trial courts must adhere to when imposing consecutive sentences. In enacting H.B. 86, the General Assembly revived the requirement that trial courts make certain factual findings before imposing consecutive sentences under R.C. 2929.14(C)(4). *State v. Smith*, 12th Dist. No. CA2012-01-004, 2012-Ohio-4523, ¶ 20, citing *State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 13.

{¶ 9} Amended R.C. 2929.14(C)(4) provides a three-step analysis in order to impose consecutive sentences. *State v. Snyder*, 3rd Dist. No. 13-11-37, 2012-Ohio-3069, at ¶ 25. First, the trial court must find that consecutive sentencing is necessary to protect the public from future crime or to punish the offender. *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct

and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*; R.C. 2929.14(C)(4).

{¶ 10} We find that the trial court complied with the dictates of the newly amended R.C. 2929.14(C)(4) and made all the required findings. Contrary to Dillon's assertions, the record indicates that the trial court complied with the three-step analysis in R.C. 2929.14(C)(4) and found all of the statutory findings applicable.

{¶ 11} In applying all three prongs of the test, the trial court specifically stated in its sentencing entry that:

> [C]onsecutive sentences are necessary to protect the public from future crime and to punish the offender; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender; * * *.

{¶ 12} Moreover, the trial court stated that "the findings necessary for the consecutive sentences are contained in the presentence investigation, and I so find them and affirm them at this point." The presentence investigative report included a "criminal history * * * about as lengthy as any that we deal with. We're talking about almost a 40 year period where you've

been on the wrong side of the road." A review of Dillon's presentence investigative report supports the findings of the trial court. Therefore, given Dillon's lengthy criminal history and the trial court's compliance with the three-step analysis in R.C. 2929.14(C)(4), we cannot find that the trial court erred in imposing consecutive sentences.

{¶ 13} In light of the foregoing, having found that the record supports the trial court's decision to impose consecutive sentences based on Dillon's prior criminal history, Dillon's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} [DILLON'S] SENTENCE WAS AN ABUSE OF DISCRETION.

{¶ 16} Appellate review of felony sentencing is controlled by the two-step procedure outlined by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Under *Kalish*, this court must (1) examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law, and if so, (2) review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 4; *State v. Blanton*, 12th Dist. No. CA2008-09-235, 2009-Ohio-3311, ¶ 18.

{¶ 17} Dillon concedes that the first prong of the *Kalish* test is met as his sentence was not contrary to law. However, he argues that the trial court abused its discretion by failing to consider the seriousness and recidivism factors set forth in R.C. 2929.12. Dillon argues that under a proper consideration of those factors, a prison sentence was not warranted.

{¶ 18} Through H.B. 86, the General Assembly amended R.C. 2929.11 and it now states that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The trial court has discretion to determine

whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. R.C. 2929.12(A). An abuse of that discretion "is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Kalish* at ¶19.

{¶ 19} Contrary to Dillon's contention that the trial court failed to consider the factors set forth in R.C. 2929.12, the trial court explicitly found as follows in its corrected judgment entry of sentence:

> The Court reviewed the pre-sentence report and heard statements in mitigation presented by the defendant and his counsel. After considering all of the facts and the sentencing factors contained in Ohio Revised Code §2929.12, the Court finds a prison term is consistent with the purposes and principles of sentencing set forth in Ohio Revised Code 2929.11; a prison term is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim; * * * a prison term is necessary to punish the offender and protect the public from future crime by the offender and others; * * *.

{¶ 20} Furthermore, at Dillon's sentencing hearing, the trial court considered "the factors that [it] must, and that is [Dillon] engaged in organized criminal activity and have done so historically for many years in this community." The court went on to recognize that "[r]ecidivism factors, of course, indicate a high-risk of re-offending. You have substance abuse history. You have four previous felony convictions. You have previous convictions for trafficking and drugs. You served a juvenile prison sentence. You've served two adult prison sentences." Based upon the trial court's extensive consideration of the aforementioned factors, we cannot find that the trial court abused its discretion in imposing Dillon's sentence.

{¶ 21} In light of the foregoing, having found that the trial court did not abuse its discretion in imposing Dillon's sentence, Dillon's second assignment of error is overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.