[Cite as *State v. Sess*, 2016-Ohio-5560.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-06-117 |
| | : | O P I N I O N |
| - vs - | | 8/29/2016 |
| | : | |
| JOHN SESS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-11-1752

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, John Sess, appeals his convictions and sentence in the Butler County Court of Common Pleas for various offenses, including felonious assault on a police officer, robbery, and failure to comply. For the reasons detailed below, we affirm.

{¶ 2} Officer Parrett was dispatched to the Home Depot in West Chester, Ohio on information that a loss prevention officer at the store had observed a theft in progress.

Officer Parrett stated that when he located appellant "[w]e immediately made eye contact. His demeanor changed, and after observing me and the uniform he made a left turn and continued north parallel to all the cash register areas." Appellant continued to make several quick turns down different aisles and Officer Parrett observed him taking merchandise out of his pockets and placing it back on the shelves.

{¶ 3} After catching up to appellant, Officer Parrett identified himself as a police officer and advised appellant that he was going to be held under investigative detention. Appellant initially cooperated and placed his hands behind his back. However, when Officer Parrett attempted to place appellant in handcuffs, appellant abruptly pulled away and began to run through the aisles.

{¶ 4} Officer Parrett called for backup and engaged in a foot pursuit of appellant through the Home Depot parking lot and into an adjacent Wendy's parking lot where appellant had parked his vehicle. Officer Parrett was joined by Sergeant Kleinfeldt and the two were able to catch up with appellant. When appellant entered his vehicle, both Officer Parrett and Sergeant Kleinfeldt were able to slightly enter and place their hands on appellant's torso and legs.

{¶ 5} While Officer Parrett and Sergeant Kleinfeldt were attempting to remove appellant from the vehicle, appellant shifted the car in reverse and backed out of his parking spot. In so doing, both officers sustained injuries. Sergeant Kleinfeldt was forced to the ground and struck by the vehicle door as it passed over his body. Officer Parrett, meanwhile, was unable to get his arm free from the vehicle and was trapped as appellant continued to quickly and abruptly drive in reverse. Officer Parrett was eventually able to remove his arm after the wheel turned. Thereafter, appellant quickly accelerated and engaged in a high speed chase to evade law enforcement at speeds reaching approximately 110 m.p.h. Officer Parrett and Sergeant Kleinfeldt did not continue on the high speed chase, but were instead

transported to the West Chester Hospital.

{¶ 6} Appellant was indicted for several counts, including: (1) two counts of felonious assault, in violation of R.C. 2903.11(A)(2), first-degree felonies, (2) one count of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony, and (3) two separate counts of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331, third-and-fourth-degree felonies. The matter proceeded to a jury trial where the state presented the testimonies of several witnesses, including Officer Parrett and Sergeant Kleinfeldt, who presented the factual information detailed above.

{¶ 7} Appellant testified on his own behalf and admitted that he went to Home Depot on the relevant date to steal copper fittings and razor blades. However, appellant alleged that he abandoned the theft because he "just kind of got a bad feeling, I got a sense that people were kind of looking at me." Although appellant denied that he saw any officer prior to his decision to abort the theft, he acknowledged that he did run from police when he was later confronted. Appellant also admitted that he placed his vehicle in reverse while the officers were attempting to extract him from the vehicle.

{¶ 8} The jury found appellant guilty of all charges. The trial court imposed consecutive five and six-year prison terms for each count of felonious assault. Those sentences were also run consecutive to a two-year prison term for failure to comply. The remaining counts were merged and therefore appellant received an aggregate 13-year prison term. Appellant now appeals, raising three assignments of error for review:

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE FELONIOUS ASSAULT CONVICTIONS FOR COUNTS THREE AND FOUR, AND THE VERDICTS WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} In his first assignment of error, appellant contends that the evidence was

insufficient to support his convictions for felonious assault on police officers and that his convictions were against the manifest weight of the evidence. We disagree.

{¶ 12} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 13} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 14} Felonious assault on a police officer is defined by R.C. 2903.11(A)(2), which states, "[n]o person shall knowingly do either of the following: * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance. * * * (D) * * * [i]f the victim of a violation of division (A) of this section is a peace officer or an investigator of the bureau of criminal identification and investigation, felonious assault is a felony of the first degree."

{¶ 15} It is well-established that an automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm. *State v. Upham*, 12th Dist. Butler No. CA96-08-157, 1997 WL 249453, at *2 (May 12, 1997); *State v. Takacs*, 8th Dist. Cuyahoga No. 102543, 2015-Ohio-4585, ¶ 19. The determination of whether a vehicle has been used in such a manner is a question of fact for the trier of fact. *State v. Belcher*, 6th Dist. Lucas Nos. L-13-1250 and L-13-1252, 2014-Ohio-5596, ¶ 29. The intent of the user, manner of use, and actions of the user are among the factors that must be examined. *Id.*

{¶ 16} Following a thorough review of the record, we find appellant's convictions are supported by the manifest weight of the evidence and supported by sufficient evidence. During trial, the state presented testimony from Officer Parrett and Sergeant Kleinfeldt, who testified that they were attempting to apprehend appellant and pull him out of his vehicle when appellant suddenly shifted the car in reverse. When appellant began to reverse, Officer Parrett testified that he was caught off guard "I didn't have time to move out of the way * * * and * * * I was running with the vehicle as my arm was trapped inside as it continued into reverse." Sergeant Kleinfeldt also explained that he was struck and knocked to his knees when appellant began to reverse his vehicle. The record is further supported by evidence of the injuries sustained by the police officers.

{¶ 17} Despite his arguments to the contrary, appellant's convictions were well supported by the record. It is of no consequence that appellant did not specifically intend to cause injuries to the officers and that his "main goal was to get away." *See, e.g., Upham*, 1997 WL 249453 at *3 ("[a]lthough appellant claims that his actions were only motivated by an intent to escape, a reasonable mind could find, beyond a reasonable doubt, that appellant used his automobile as a deadly weapon in order to facilitate his escape"). The jury heard ample testimony to support his convictions. Accordingly, we find appellant's first assignment

of error is without merit.

**{¶ 18}** Assignment of Error No. 2:

**{¶ 19}** THE TRIAL COURT ERRED IN FAILING TO PROVIDE JURY INSTRUCTIONS REQUESTED BY APPELLANT.

**{¶ 20}** In his second assignment of error, appellant raises two issues regarding jury instructions. Appellant claims the trial court erred by failing to provide his instruction regarding the use of a motor vehicle as a deadly weapon. Appellant also argues the trial court erred by not including a jury instruction for theft as a lesser included offense of robbery. We find no merit to appellant's arguments.

**{¶ 21}** Jury instructions are matters which are left to the sound discretion of the trial court. *State v. Brannon*, 12th Dist. Clinton No. CA2014-09-012, 2015-Ohio-1488, ¶ 20. This court reviews the trial court's decision for an abuse of discretion. *Id.*

### Deadly Weapon Instruction

**{¶ 22}** Appellant claims the trial court erred by failing to include his requested instruction citing case law on whether a motor vehicle has been used as a deadly weapon.

**{¶ 23}** A trial court must fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact-finder. *State v. Comen*, 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. If a proposed instruction for the jury is correct, pertinent and timely presented, the trial court must include it, at least in substance, in the general charge. *State v. Guster*, 66 Ohio St.2d 266, 269 (1981). However, the trial court is not required to give a proposed jury instruction verbatim. The court may use its own language to communicate the same legal principles. *State v. Jones*, 12th Dist. Butler No. CA2015-02-020, 2015-Ohio-5029, ¶ 12, citing *State v. Sneed*, 63 Ohio St.3d 3, 9 (1992).

**{¶ 24}** In the present case, the trial court found an instruction similar to the one

contained in Ohio Jury Instructions 503.11(A) was sufficient for the jury to make a factual determination regarding the use of the vehicle as a deadly weapon. The trial court provided the following instruction:

> Deadly Weapon means any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon.
>
> A deadly weapon is any instrument, device, or thing which has two characteristics. The first characteristic is that it is capable of inflicting or causing death. The second characteristic is in the alternative: either the instrument, device, or thing was designed or specifically adapted for use as a weapon such as a gun, billy club or brass knuckles or it was possessed, carried, or used in this case as a weapon. These are questions of fact for you to decide.

**{¶ 25}** Appellant, however, requested the following jury instruction:

> A vehicle can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm. The determination of whether a vehicle has been used in such a manner is a question of fact for the trier of fact. The intent of the user, manner of use, and actions of the user are among the factors that must be examined. See *State v. Gimenez*, 8th Dist. Cuyahoga No. 71190, 1997 Ohio App. LEXIS 4013 (Sept. 4, 1997). See also *State v. Dupuis*, 6th Dist. Lucas No. L-12-1035, 2013-Ohio-2128, ¶ 61. *State v. Hutchins*, 6th Dist. Lucas No. L90-182, 1991 Ohio App. LEXIS 3761 (Aug. 9, 1991).

**{¶ 26}** While appellant requested a different jury instruction on this issue, we find the trial court did not abuse its discretion by declining to adopt his request verbatim. The jury instructions provided by the trial court appropriately conveyed the legal principles and presented the jury with the relevant questions of fact. The instruction provided all relevant and necessary direction required by the jury to perform its duty as trier of fact. Accordingly, we find appellant's argument with respect to the deadly weapon instruction are without merit.

### Lesser Included Offense Instruction

**{¶ 27}** Next, appellant argues the trial court erred by declining to instruct the jury on the lesser included offense of theft in relation to his robbery conviction.

{¶ 28} "A jury instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal of the crime charged and a conviction on the lesser included offense." *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 11. An instruction is not warranted every time the defendant offers "some evidence" to support the lesser included offense. *Id.* Rather, there must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included offense." *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192.

{¶ 29} Here, the evidence presented at trial would not have supported an acquittal of robbery and therefore the lesser included offense of theft was not required. Robbery, under R.C. 2911.02(A)(2), states "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

{¶ 30} As previously noted, the state presented ample evidence regarding appellant's actions. The evidence showed that when appellant spotted the officer in Home Depot, his demeanor changed, he attempted to quickly exit the store, and he attempted to remove some of the items from his pockets. Several of those stolen items were later discovered in the parking lot. In his attempt to evade arrest, appellant jumped in his vehicle, shifted his vehicle in reverse, and physically harmed two police officers in the process. The record supports a finding of guilt with respect to the crime of robbery and the trial court was not required to instruct on the lesser theft offense. Therefore, appellant's arguments with respect to the lesser included offense instruction is also without merit and his second assignment of error is overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 33} In his third assignment of error, appellant alleges the trial court erred by imposing consecutive sentences. Appellant argues its sentence should be reversed and vacated because the trial court included a finding in its sentencing entry that it did not make at the sentencing hearing. Specifically, appellant complains the trial court did not find at the sentencing hearing that "[t]he defendant committed one or more offenses while under residential community sanction, non-residential sanction, financial sanction, or pose-release control."

{¶ 34} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 35} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or

2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 36}  "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 133.  In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings.  *Id*.  Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings.  *Id*. The court's findings must thereafter be incorporated into its sentencing entry.  *Id*.

{¶ 37}  Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered consecutive sentences.  The trial court stated:

THE COURT: * * * Well, the Court has viewed the presentence investigation now keeping in mind the principles and purposes of Ohio sentencing statute.

Mr. Sess, I don't know – if you say your intention wasn't to hurt anybody, that's what you say, but when you put yourself in positions and do things like you did on that day, you are going to hurt people.  Going 110 miles an hour down the interstate, that's crazy.  That's reckless.  You're going to hurt people.

You're lucky that the officer who was giving chase wasn't hurt when he crashed the car and we're not here on more serious charges.  You're lucky that there was not more serious

injuries than what were sustained.

I believe the stitch – you doubt – you disputed it at trial; you didn't think his stitches were a result of your actions. I find that ludicrous. He tore his rotator cuff as a result of your actions. That's Officer Parrett I'm talking about. Could have been a lot worse.

And given your history of 18 prior convictions as an adult, ten prior drug cases – of those 18 are drug cases. In addition to the 18 convictions, you've got four probation violations on your record. And that's not even counting the juvenile record that you accumulated. Although as a minor, juvenile record is still a juvenile record.

The amount of harm caused and emotional harm caused was substantial. I can't even imagine what these officers were going through when they were trying to chase you down on basically [sic] was a shoplifting, and you made it a lot worse by your actions. You put a lot of people in harm's way when you went down Tylersville at 75 and headed south.

So I find there was physical harm done to these victims. I find there is financial costs, financial toll was taken.

* * *

I find that the consecutive sentences are necessary to protect the public from future crime and to punish the offender. I mean, you're in prison now for offences that occurred. You've done other prison sentences. So obviously you've – a lengthy prison sentence is appropriate in this case.

Secondly, I find that the consecutive sentences are not disproportionate to the seriousness of the conduct and the danger the offender poses to the public.

Third, I find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by this offender. These sentences will be consecutive to the time that you got * * * I believe it's Hamilton County.

* * *

Okay. Be consecutive of that. So it's my intention that you get 13 years in the Ohio Department of Rehabilitation and Corrections, pay costs.

The trial court later memorialized these findings within its sentencing entry.

- 11 -

{¶ 38} From the trial court's statements at the sentencing hearing and the language utilized in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315 at ¶ 17. The record reflects the trial court found that consecutive sentences are necessary to protect the public from future crime by the offender. Though the trial court included an additional, superfluous ground for imposing consecutive sentences in the sentencing entry, the trial court's findings and considerations were well-documented in the record. The trial court was not required to give a talismanic incantation of the words of the statute at the sentencing hearing. Furthermore, appellant's sentence was not otherwise clearly and convincingly contrary to law. Accordingly, appellant's third assignment of error is overruled.

{¶ 39} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.