[Cite as *State v. Cox*, 2019-Ohio-3054.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-071 |
| | : | O P I N I O N |
| - vs - | | 7/29/2019 |
| | : | |
| BENJAMIN T. COX, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33452

David Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 500 Justice Drive, Lebanon, Ohio 45036, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Benjamin Cox, appeals the sentencing decision of the Warren County Court of Common Pleas. For the reasons detailed below, we affirm in part, reverse in part and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 2} During the relevant time period, Cox was married, but separated from his

estranged wife, Angela Cox, and there was a court order prohibiting Cox from having contact with Angela.

{¶ 3}  On September 5, 2017, Cox violated the court order by sending Angela text messages and by calling her telephone.  Angela responded by informing Cox that she was not having a good day because her car was having mechanical problems.  Cox then drove to Angela's house, pushed his way in, and demanded to see his sons, E.C. and D.C.  Cox remained at the house until Angela left to pick up E.C. from school.

{¶ 4}  As Angela was driving, she began experiencing car trouble again, so she proceeded to the AutoZone in Franklin, Ohio and parked in the parking lot.  Angela went inside the store, purchased a new alternator, and was able to successfully get her car started again.  However, before Angela could leave, Cox managed to track her down and parked his motorcycle in front of her car to prevent her from leaving.  Because Cox would not let her leave, Angela was forced to call for a ride home.

{¶ 5}  Upon arriving home, Angela called her boyfriend, Justin Turner, and asked him to take her to her car.  Approximately one hour later, Turner picked up Angela, along with 17-month old D.C., and drove them back to AutoZone.

{¶ 6}  When Turner exited his truck, he observed that Cox was hanging around the nearby Circle K.  Cox then quickly approached Turner on foot and yelled at him to stay away from Angela's car.  As Cox approached, he told Turner that he was "a dead man" and then pulled out his loaded .38 revolver from the back of his pants and stuck it to Turner's chest. Turner put his hands in the air and yelled that Cox had a firearm. From inside Turner's truck, Angela called 911 and laid the phone on her lap so the operator could hear the altercation.

{¶ 7}  Cox then put the .38 revolver back in his pants and exchanged words with Turner.  Cox then shoved Turner and went after Angela.  Cox forced the passenger door of the truck open, told her to get off the phone, grabbed the phone, broke it in half, and then

threw it at Turner. Cox then attempted to pull Angela from the truck. When Turner tried to stop the attack, Cox pulled his .38 revolver back out of his pants, stuck it to Turner's chest a second time, and again warned him that he was a "dead man." Believing that Cox was going to shoot him, Turner threw up his arms, stepped back, and yelled that Cox had a firearm.

{¶ 8} At this point, a bystander at a nearby restaurant shouted that she had called the police. Cox then pulled out a knife and tried to slash Turner's truck tires. Thereafter, Cox walked back to his motorcycle and parked it behind Turner's truck. Cox then pulled out a pen and told Turner that he was writing down the truck's license plate so that he could track him down and kill him. This entire altercation occurred while 17-month-old D.C. was seated nearby in Turner's truck.

{¶ 9} When Turner heard police sirens, he told Cox that he was going to jail. Cox then attempted to flee, but police arrived and wrestled him off the motorcycle before he could leave the parking lot. The police disarmed Cox and placed him under arrest. Cox's firearm was loaded with five rounds and was tucked inside his waistband even though his concealed carry license was suspended. The firearm was later test fired and determined to be operable.

{¶ 10} On October 9, 2017, Cox was indicted on three felony counts and two misdemeanor counts. The case was tried to the bench on May 29, 2018. The trial court found Cox guilty of: carrying a concealed weapon, disrupting public services with a firearm specification, obstructing official business with a firearm specification, and aggravated menacing. The trial court found Cox not guilty of child endangering. The trial court sentenced Cox to a three-year prison term, imposing consecutive terms of 12 months for carrying a concealed weapon, obstruction of official business, and for the accompanying firearm specification. The remaining counts were ordered concurrent to the aggregate three-year prison term. Cox now appeals, raising two assignments of error for review.

- 3 -

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE COURT'S SENTENCING ENTRY IS NOT CONSISTENT WITH THE COURT'S SENTENCING ON THE RECORD.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING CONSECUTIVE SENTENCES NOT SUPPORTED BY THE RECORD.

{¶ 15} In his first and second assignments of error, Cox argues the trial court erred by sentencing him to consecutive prison terms, alleging the record does not support the imposition of consecutive sentences. We disagree, but nevertheless reverse in part and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 16} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 17} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-

5669, ¶ 11. According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." *State v. Rich*, 12th Dist. Butler No. CA2014-01-002, 2014-Ohio-4623, ¶ 18.

{¶ 18} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 19} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and

CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 20} On appeal, Cox argues the trial court's consecutive sentencing decision is unsupported by the record and excessive under the circumstances.

{¶ 21} Contrary to Cox's argument otherwise, we find the trial court sentencing decision is fully supported by the record. As noted by the trial court, Cox engaged in very serious criminal conduct, which could have escalated into a far more serious circumstance. In this case, Cox approached his estranged wife's boyfriend with a loaded firearm and threatened to shoot him. While Angela attempted to call 911, Cox took her phone away and broke it. When police responded, Cox attempted to flee. At the time of the commission of these crimes, Cox did not have a valid concealed carry license. The record fully supports a serious prison sentence.

{¶ 22} In pronouncing its sentencing decision, the trial court found that consecutive sentences are not disproportionate to Cox's conduct and to the danger he poses to the public. The trial court also found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 23} Following review, we find the trial court did not err in its sentencing decision, as Cox's sentence was not contrary to law and was supported by the record. Furthermore, the

record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered appellant's sentences be served consecutively.

{¶ 24} However, we find there is a discrepancy between the judgment pronounced during the sentencing hearing and the written judgment entry. Therefore, we agree with Cox in his first assignment of error that the written judgment entry contains a clerical error that should be corrected through a nunc pro tunc entry.

{¶ 25} During the sentencing hearing, the trial court stated that the consecutive 12-month terms were imposed for carrying a concealed weapon, obstruction of official business, and the accompanying firearm specification. However, the written judgment entry states that the consecutive 12-months terms were imposed for carrying a concealed weapon, disrupting public services, and the firearm specification for that offense. Thus, there is a clerical discrepancy between the sentence imposed at the sentencing hearing and the sentence imposed in the written judgment entry. This does not alter this court's sentencing analysis or render the sentence contrary to law. Nevertheless, because of the discrepancy, we reverse in part and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 26} Cox's first assignment of error is sustained to the extent that we remand this matter for the limited purposes of issuing a nunc pro tunc sentencing entry. Cox's second assignment of error is without merit and is overruled.

{¶ 27} Judgment affirmed in part, reversed in part and remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

S. POWELL and PIPER, JJ., concur.