[Cite as *State v. North*, 2019-Ohio-3224.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-201 |
| - vs - | : | O P I N I O N<br>8/12/2019 |
| | : | |
| JOSEPH B. NORTH, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-12-2072

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellant

**RINGLAND, P.J.**

{¶ 1} Appellant, Joseph North, appeals the sentence imposed by the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On August 16, 2018, North pled guilty to one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony, and one count of receiving stolen

property in violation of R.C. 2913.51(A), a fifth-degree felony.

{¶ 3} The trial court sentenced North to an 18-month prison term for the fourth-degree stolen property offense and a 24-month prison term for the third-degree tampering offense. The trial court ordered those terms to be served consecutively. The remaining count was ordered concurrent and therefore the trial court sentenced North to an aggregate prison term of 42 months. North now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM WHERE THE FINDING THAT THE VICTIMS SUFFERED PSYCHOLOGICAL HARM AS A RESULT OF APPELLANT'S OFFENSES WAS UNSUPPORTED BY THE RECORD.

{¶ 5} In his sole assignment of error, North alleges the trial court erred in its sentencing decision by finding the victims suffered psychological harm. North's argument is without merit.

{¶ 6} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "'the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors set forth in R.C. 2929.12 are

nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." *State v. Rich*, 12th Dist. Butler No. CA2014-01-002, 2014-Ohio-4623, ¶ 18.

**{¶ 8}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

**{¶ 9}** "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the

appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 10} On appeal, North takes issue with the trial court's use of the term "psychological harm." In so doing, North argues that the record "clearly and convincingly fails to support [the finding] that he caused 'psychological harm' or 'serious psychological harm'" and therefore, consideration of that finding amounted to reversible error with respect to the imposition of both the prison term and the consecutive findings.

{¶ 11} We find the trial court did not err in its sentencing decision, as North's sentence was not contrary to law and was supported by the record. In the present case, the trial court stated that it had considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors contained in R.C. 2929.11 and R.C. 2929.12. The trial court noted that North's criminal behavior related to his problems with substance abuse and addiction, but "recognize[d] that the actions taken by Mr. North had a great impact on the victims in this matter." The trial court further noted that a written victim impact statement indicated that one of the victims had suffered "psychological harm as a result of [North's] actions." In addition, the trial court also considered North's prior convictions for receiving stolen property and forgery and that he had already been given the benefit of the drug court program.

{¶ 12} Though the trial court stated that the victims suffered psychological harm as a result of North's actions, that acknowledgment was merely surplusage without legal

significance. *See, e.g., State v. Proctor*, 12th Dist. Butler Nos. CA2006-03-042 and CA2006-03-043, 2007-Ohio-909, ¶ 8. From review of the record, it is evident the trial court considered a number of factors in imposing its sentencing decision. As stated by the trial court:

> The Court has considered the purposes and principles of sentencing in Revised Code § 2929.11 and the serious and recidivism factors in Revised Code § 2929.12, as well as the record, the charges, the statements made at this hearing, the victim impact statement that it previously referenced, and the presentence investigation report.
>
> And the Court does not dispute any of what [North's trial counsel] is saying, in terms of how addicts behave and why things occur. And the Court accepts that as an explanation, but the Court also, certainly, has to recognize that the actions taken by Mr. North had a great impact on the victims in this matter.
>
> And the Court received, as it indicated, one particular victim impact statement, and the Court finds that that victim did suffer psychological harm as a result of Mr. North's actions. And while he's not convicted of breaking into the homes, he's charged and [pled] guilty with what happened with the items that were taken from those homes.
>
> And the Court, again, finds that psychological harm was suffered by the victims in this matter. The Court also does recognize that Mr. North has a prior conviction for receiving stolen property and forgery, and the Court notes that he did have the benefit of the drug court program with regard to that case. And unfortunately, we are here today for a similar conviction.

{¶ 13} The record likewise reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered North's sentences be served consecutively. The trial court found that consecutive sentences are necessary to protect the public and punish the defendant. The trial court found that consecutive sentences are not disproportionate to North's conduct and to the danger he poses to the public. The trial court also found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct. Finally, the court found North's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} The trial court later memorialized these findings within its sentencing entry. From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37; *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38.

{¶ 15} As a result, we find the trial court did not err in its sentencing decision. North's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.