[Cite as *State v. Wati*, 2019-Ohio-4827.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-02-033 |
| | : | O P I N I O N |
| - vs - | | 11/25/2019 |
| | : | |
| ELVIS WATI, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-11-2001

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Elvis Wati, appeals from his conviction and aggregate 96-month prison sentence he received in the Butler County Court of Common Pleas after he pled guilty to two counts of sexual battery. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} In November 2018, Wati was indicted on two counts of rape and two counts of sexual battery. The charges stemmed from events which took place on September 23, 2017.

Specifically, the state alleged that between 9:00 and 10:00 p.m. on September 23, Wati sexually assaulted a woman by forcing her to engage in fellatio and vaginal intercourse despite knowing the woman's ability to appraise the nature of or control her own conduct was substantially impaired.

{¶ 3} In January 2019, Wati pled guilty to the two counts of sexual battery. In return for Wati's guilty plea, the state agreed to dismiss the two charges of rape included in the indictment. The trial court accepted Wati's guilty plea and sentenced him to 48 months on each count, to be served consecutively, for an aggregate prison term of 96 months.

{¶ 4} Wati now appeals, raising one assignment of error.[1]

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UNDER R.C. § 2914(C)(4)(b) BECAUSE THERE WAS INSUFFICIENT BASIS IN THE RECORD TO CONCLUDE THAT THE DEFENDANT HAD ENGAGED IN A COURSE OF CONDUCT.

{¶ 7} Wati argues the trial court erred in imposing consecutive sentences because such sentences are not supported by the record.

{¶ 8} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly

---

1. We note that Wati stated two assignments of error in the index of his brief. However, in the body of his brief, Wati asserted a single assignment of error that encompassed both issues he identified in the index. As a result, we will address Wati's arguments under the single assignment of error enunciated in the body of Wati's brief.

finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28.

{¶ 9} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 10} At the sentencing hearing, the trial court stated the following when it imposed consecutive sentences:

> The Court has considered the record and the overriding purposes of felony sentencing, which is to protect the public from future crime, and to punish the offender, and to promote the effect of rehabilitation of the offender using the minimum

sanctions needed to accomplish the purposes without imposing an unnecessary burden on state or local government resources.

The Court has considered the seriousness and recidivism factors set forth in Revised Code §2929.11 and §2929.12. The Court has considered the information contained in the pre-sentence investigation report. The Court also reviewed the victim impact statement that was provided to the Court. The Court has considered the statements of Counsel this morning[.]

The trial court continued:

So I heard what [Wati] had to say this morning. I heard what counsel had to say, and I agree that there is going to be some shame whenever he goes back. I mean, he's already been convicted of another felony offense before Judge Powers. * * * This woman says that * * * she was taking the short cut and [Wati] grabbed her, [Wati] took her clothes off, [Wati] forced [his] penis into her mouth and into her vagina. That doesn't sound like paying a female prostitute $15 for consensual sex to me.

* * *

The Court finds that [Wati], obviously, is not amenable to available community control sanctions in regard to this matter. The Court firmly believes the statement of the victim in regard to this case, who suffered a significant sexual assault. * * * So as it relates to * * * Count II, sexual battery, a felony in the third degree, the Court will sentence [Wati] to 48 months in the Ohio Department of Rehabilitation and Corrections. Count IV, sexual battery, 48 months in the Ohio Department of Rehabilitation and Corrections.

The Court is going to order that Counts II and Count IV be run consecutive to each other * * * for a total of 96 months. The Court finds consecutive sentences based upon all the information provided to the Court. *The consecutive sentences are necessary to protect the public from future crime or to punish the offender, but they are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that the harm was so great (indiscernible) term does not adequately reflect its seriousness or [Wati's] conduct.* (Emphasis added.)

The trial court then incorporated these findings into its sentencing entry, including its decision

to impose consecutive sentences pursuant to R.C. 2929.14(C)(4)(b).

{¶ 11} Upon review, we find that the trial court made the appropriate findings before

imposing consecutive sentences in the instant case and that those findings are supported by the record. Initially, Wati argues the trial court erred in concluding that he had engaged in a "course of conduct" because his conduct was "limited to two acts of sexual battery (vaginal intercourse and fellatio), which occurred at the same time and place as a part of the same coerced sexual encounter." As such, Wati claims his criminal acts cannot reasonably be described as a "course of conduct" due to their close temporal proximity, and as part of a single sexual encounter against a single victim. We disagree. Despite Wati's claims to the contrary, he pled guilty to and was convicted of committing two separate sexual batteries against the victim. Moreover, the two sexual batteries of which Wati was convicted consisted of two distinct acts of sexual assault against the victim, fellatio and vaginal intercourse, which could not have occurred simultaneously. Accordingly, due to the nature of the crimes of which he was convicted, the record supports the trial court's finding that Wati engaged in a course of conduct.

{¶ 12} We also reject Wati's argument that the trial court erred in failing to "fully state the relevant finding in support of a consecutive sentence" at the sentencing hearing. "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. When imposing consecutive sentences, a trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 27, 29. "Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings." *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 12. The court's findings must then be incorporated into its sentencing entry. *Id.*, *citing Bonnell* at ¶ 37. Therefore, "as long as the reviewing court can

discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 13} Here, Wati argues that the trial court "omitted any 'course of conduct' language from its colloquy at the sentencing hearing" and therefore, the basis for the consecutive sentence was not announced to Wati as required by *Bonnell*. In imposing consecutive sentences, the trial court stated at the sentencing hearing that consecutive sentences were: (1) "necessary to protect the public from future crime or to punish the offender[;]" (2) the sentences were "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[;]" and (3) that the harm caused by Wati was "so great (indiscernible) term does not adequately reflect its seriousness or the Defendant's conduct."

{¶ 14} We note that although part of the trial court's third finding appears in the record as "indiscernible," the regularity of the proceedings is presumed when the transcript is incomplete. *State v. Cornelius*, 12th Dist. Butler No. CA2001-01-008, 2002-Ohio-1429, *11; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Accordingly, while the trial court's third finding is not a perfect recitation of R.C. 2929.14(C)(4)(b), it plainly tracks the language set forth in the statute, and a word-for-word recitation is not required by Ohio law.

{¶ 15} Moreover, the relevant inquiry here is not whether the trial court used the "magic" words in imposing consecutive sentences, but whether the trial court engaged in the appropriate analysis. *State v. Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 18. Based upon the record, including the trial court's description of Wati's conduct as "forcible sexual assault;" its reiteration of Wati's convictions for mutually exclusive sexual batteries, fellatio and vaginal intercourse; and its statement that the victim went through "hell and terror * * * at the hands of Mr. Wati[;]" it is evident the trial court engaged in the

appropriate analysis pursuant to R.C. 2929.14(C)(4). It is also clear from the record that the trial court sufficiently explained the basis for the consecutive sentence at the sentencing hearing. Specifically, when considering the language used by the trial court when stating its findings, it is apparent that it found that Wati engaged in a course of conduct and that the harm caused by the sexual batteries was "so great" that it warranted the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(b). This is reinforced by the trial court's sentencing entry, which reflects what occurred at the sentencing hearing. The entry includes a finding that:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct.

It is well established that a court speaks only through its journal entries and not by oral pronouncement. *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14. Wati does not argue that the sentencing entry does not reflect the findings that were made at the sentencing hearing or that it is otherwise defective. As a result, we find that Wati was provided notice of the basis for his consecutive sentences as required by *Bonnell*.

{¶ 16} In light of the foregoing, we find the record indicates the trial court engaged in the appropriate analysis pursuant to R.C. 2929.14(C) at the sentencing hearing and that it made the appropriate findings in accordance with R.C. 2929.14(C)(4)(b). Accordingly, Wati's assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 18} Without the equivalent of any "course of conduct" wording used by the trial court, the state poses that the required statutory finding can be implied or inferred. Somewhat differently, the majority opinion determines Wati received notice of the requisite finding because: "course of conduct" is mentioned in the trial court's entry subsequent to the sentencing hearing, an inaudible portion of the transcript of the sentencing hearing means the trial court tracked the language of the statutory finding, and the trial court's discussion of harm means it is "apparent" the trial court made a course of conduct finding. I respectfully dissent from our majority opinion today and would reverse the matter for resentencing in compliance with R.C. 2929.14(C)(4).

{¶ 19} The state argues that when an offender is sentenced to two or more offenses, the record automatically supports a finding the offenses were committed in a course of conduct. Today, this court establishes precedent that ventures down a slippery slope using the trial court's discussion of harm and an inaudible in that discussion, to glean an inference the trial court expressly made a "course of conduct" finding. We would be prudent to hold the sentence must be pronounced as the statute plainly and expressly requires.

{¶ 20} The victim and the trial court described the event as *a sexual assault.* The trial court's reference to a sexual assault in the singular precludes an inference the trial court specifically made a finding the harm was caused from a course of conduct due to the two separate offenses. Without such a finding, the record does not support compliance with R.C. 2929.14(C)(4).

{¶ 21} I agree with the majority that there are no magic words a trial court must pronounce when making statutory findings. I also agree with the state that a trial court is not required to explain requisite findings. While magic words and explanations are not necessary, there must nevertheless be words used in the pronouncement of consecutive

sentences that demonstrate all requisite findings were made. A subsequent entry containing the appropriate findings does not cure defective notice *at the sentencing hearing* of the findings relied upon by the trial court in rendering consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.

{¶ 22} Justice Stewart, while a judge with the Eight District, explained,

> not requiring slavish adherence to the specific wording of the statute is not the same as relieving the court of the duty to make the required "findings" * * * In the past, we have found those findings can be implicit in context when the court's statement during sentencing are intended to encompass the relevant provisions of the sentencing statutes. * * * But in doing so, we have arguably frustrated the purposes underlying the requirement for findings as a predicate for ordering consecutive sentences.

*State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 14. Trial courts within the Twelfth District have previously been reminded of the need for the "course of conduct" finding because without the necessary finding the sentence is contrary to law. *State v. Murrill*, 12th Dist. Butler No. CA2018-11-215, 2019-Ohio-3318, ¶ 11-12.

{¶ 23} In *Bonnell*, the court determined the trial court's discussion of Bonnell's atrocious criminal record and the seriousness of his offenses did not support the conclusion that the trial court made the appropriate requisite findings pursuant to R.C. 2929.14(C)(4). 2014-Ohio-3177 at ¶ 36. Thus, the court vacated the sentence and remanded the matter. Here, discussing the harm also does not satisfy the requirement of a specific finding.

{¶ 24} A trial court is statutorily restrained when pronouncing consecutive sentences. *Id.* The affirmative duty to make consecutive sentence findings should not be lightly regarded, and compliance is often only ensured upon appellate review. I agree with the majority the record could support the sentence Wati ultimately received. However, I disagree with the majority in holding the record is "apparent" a course of conduct finding was expressed by the trial court. The issue raised in Wati's assignment of error is the process

due in the face of unquestionably clear legislation. Therefore, based upon the record before us, and because the trial court said nothing equivalent to a "course of conduct" finding, the sentence is contrary to law and I would reverse for the limited purpose of a new sentencing hearing.[2]

---

2. When the record does not demonstrate a trial court considered requisite statutory factors, the proper recourse is to remand for the limited purpose of resentencing. *State v. Hope*, 12th Dist. Preble No. CA2018-12-018, 2019-Ohio-3719, ¶ 23.